STATE OF FLORIDA, DEPARTMENT OF EDUCATION, Petitioner,

v.

William J. BENNETT, Secretary of Education, United States Department of Education, Respondent.

No. 84–3534.

United States Court of Appeals, Eleventh Circuit.

Sept. 3, 1985.

Herbert D. Sikes, State Bd. of Educ., Tallahassee, Fla., for petitioner.

Stephen Freid and Kay Rigling Gill, Office of General Counsel, U.S. Dept. of Educ., Washington, D.C., for respondent.

Before VANCE and HATCHETT, Circuit Judges, and LYNNE[*], Senior District Judge.

PER CURIAM:

This is a petition by the Florida State Department of Education for review of a final decision of the Secretary of Education that Florida must refund $483,517.01 to the Department of Education for misused grant funds. This court has jurisdiction under 20 U.S.C. §§ 1234d and 2851. *See Bell v. New Jersey*, 461 U.S. 773, 777–78, 792, 103 S.Ct. 2187, 2190–91, 2198, 76 L.Ed.2d 312 (1983).

Under the program established by Title I of the Elementary and Secondary Education Act of 1965[1] funds were provided local educational agencies to meet the

[*] Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. The Title I statute and regulations in effect during fiscal year 1974, the year in question, are set forth in 20 U.S.C. § 241a *et seq.* (1976) and 45 C.F.R. Part 116 (1974). The Title I statute

**1502**

needs of educationally deprived children in low income areas. The statute authorized regulations to insure that the grant recipient met various eligibility requirements including the requirements that Title I funds be used only to supplement educational services to children in target schools. The specific requirement involved in this case is that a local agency could receive funds only if it used its state and local funds to provide in each Title I school services that were at least "comparable" to services being provided in non-Title I schools. 20 U.S.C. § 241e(a)(3)(C) (repealed 1978). The purpose of the requirement was to ensure that the federal funds were used to provide compensatory programs over and above those normally provided in each school and not as a replacement for services that otherwise would be provided out of state and local funds. The "comparability" test was set out in the regulations, 45 C.F.R. § 116.-26(c) (1974). A five percent tolerance was permitted by the regulations with respect to each comparability requirement.

Petitioner concedes the correctness of the Secretary's determination that in the schools and for the period in question the comparability test was not met and that a variance beyond the five percent allowance occurred. Petitioner argues, however, that its slight variance from the permitted comparable tolerances does not authorize the Secretary to demand a refund of all Title I funds expended in those schools in that period. It reasons that the relationship between the Department and the State of Florida is a contractual one, that its breach calls for a more conventional remedy grounded in contract law, and that a demand for refund of all funds granted to the noncomplying schools is arbitrary and capricious.

 The contract analysis was specifically rejected by the Supreme Court in

*Bennett v. Kentucky Dep't of Educ.,* —— U.S. ——, 105 S.Ct. 1544, 84 L.Ed.2d 590 (1985). Citing its opinion in *Bell v. New Jersey,* 461 U.S. 773, 791, 103 S.Ct. 2187, 2197, 76 L.Ed.2d 312 (1983), the Court made a statement in *Bennett* that is equally applicable here:

> The State gave certain assurances as a condition for receiving the federal funds, and if those assurances were not complied with, the Federal Government is entitled to recover amounts spent contrary to the terms of the grant agreement.

—— U.S. at ——, 105 S.Ct. at 1549.

The Court made unmistakably clear that neither substantial compliance nor the absence of bad faith will defeat the recovery of the funds spent contrary to the terms of the grant agreement. *Id.* at ——, ——, 105 S.Ct. at 1549, 1550. It has made equally clear that it is not within our province to substitute our view of a more equitable remedy for the action of the Secretary. *Id.* at ——, 105 S.Ct. at 1563.

In our opinion the Court's express pronouncements in this area foreclose the arguments of the petitioner. The decision of the Secretary must therefore be

AFFIRMED.

---

was amended and reorganized in the Education Amendments of 1978, Pub.L. No. 95–561, 92 Stat. 2143, 20 U.S.C. 2701 *et seq.* (1982). In 1982 the Title I program was superceded by and partially incorporated into Chapter 1 of the Education Consolidation and Improvement Act of 1981, Pub.L. No. 97–35, 95 Stat. 464, 20 U.S.C. § 3801 *et seq.* (1982).